## LOUIS BIBEL

*v.*

## THE PEOPLE, for use of the City of Bloomington.

1. SPECIAL ASSESSMENTS—*of the jury to make.* Where the charter of a city provided that the expenses of certain public improvements might be assessed and levied upon real estate benefited, etc., the assessment to be made by a *jury* or by commissioners appointed by the city council, and the mayor selected a jury of six men, under an ordinance to that effect, who made an assessment: *Held,* that the assessment was not legally made, a jury meaning twelve men, and if they were regarded as commissioners, they should have been appointed by the council, and the delegation of that authority by them to the mayor, was unauthorized and void.

2. SAME—*must be made in ratio of benefits and advantages.* Where special assessments are not made in proportion to the ratio of benefits and advantages resulting to the property upon which they are levied, by the proposed improvement, as required by the law authorizing the same, they will be illegal and void.

APPEAL from the Circuit Court of McLean county; the Hon. THOMAS F. TIPTON, Judge, presiding.

This was an application, by the county treasurer of McLean county to the county court of that county, for judgment against certain lots in the city of Bloomington for delinquent special assessments.

The ordinance under which the assessments were made, required the jury to assess and fix the value of the benefits or damages of the improvement to all of the lots, etc., which, in their judgment, were specially benefited or damaged thereby, but did not require the assessments so made to be in proportion to the benefits resulting to each lot, etc. It appeared that the assessments were made to cover the cost of the pavement where there was no damage, putting two-thirds of the actual cost on the property along the line of the street according to the number of feet frontage, without equalizing benefits.

Louis Bibel, the appellant, appeared in the county court and resisted the application for judgment against his land, on the following grounds:

1.   The proceedings under which said assessment was made, were wholly void.

2.   The court had no jurisdiction of the case.

3.   The assessment was too large.

4.   At the time the assessment was made, there was no law authorizing the same.

5.   The owner was entitled to a jury trial in a court of competent jurisdiction, and to have all papers filed in said court upon institution of the proceedings, which was not done in this case.

The county court overruled the objections and rendered judgment for the sale of defendant's property, from which he appealed to the circuit court, where a judgment was rendered that defendant's lot, or so much thereof as should be necessary to satisfy the assessment and costs, be sold as the law directs. From this judgment the defendant prosecuted this appeal.

Messrs. ROWELL & HAMILTON, and Messrs. HUGHES & MC-CART, for the appellant.

Mr. IRA J. BLOOMFIELD, for the appellee.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

This case involves the validity of a special assessment, levied upon the lands of appellant by the authorities of the city of Bloomington, for the purpose of paying part of the cost and expense of paving with Nicholson pavement a portion of Center street, in that city. The court below sustained the proceedings.

Section 3, chapter 6, of the amended charter of Bloomington (Private L. 1867, vol. 1, p. 651), after conferring upon

the city council the power of making such improvements, contains this provision: "The expenses of any improvement mentioned in this section, or any portion thereof (except sidewalks), may be levied and assessed upon the real estate adjoining, or deemed benefited thereby, with the costs of proceeding therein in proportion, as nearly as may be, to the benefits resulting thereto, and may be collected as in other cases. The above assessments may be made either by a *jury,* or by commissioners appointed by the city council, as the council shall, by ordinance, prescribe."

The ordinance directing the improvement in question, was passed under this section.

It provides that the assessment should be made by a jury of six; and delegates to the mayor the authority, not only to draw the jury from a panel of twelve freeholders whom he may cause to be summoned, but also authority to discharge such jury at any time for sufficient cause, and impannel another in like manner. · The ordinance, voluminous as it is, nowhere provides that the cost and expense of the improvement should be assessed upon the property deemed benefited thereby, in proportion, as nearly as might be, to the benefits resulting thereto; but declares that the jury "shall assess and fix the value of the benefits or damages of such improvements to all of the lots or blocks, or parts of lots or blocks, tracts of land, premises or real estate, which, in their judgment, are specially benefited or damaged thereby." Nor does the report of the jury purport that they assessed the amount of the cost of the improvement, which was to be paid by special assessment, upon the real estate deemed benefited by it, in proportion to the benefits resulting to each parcel of real estate. No provision was made for ascertaining whether real estate could be found which would be benefited by the improvement to the whole or any amount of the cost and expense of the improvement. But the mayor selected the jury, and himself and their city attorney informed them that

the city would be willing to pay one-third of such cost and expense, upon which suggestion, it appears, the jury acted.

This proceeding was not in conformity with the provisions of the statute under which it was conducted, and can not be sustained.

If we construe the word *jury*, in the last clause of the portion of the statute above quoted, as used in the sense in which that term is understood in all constitutions and statutes when not expressly qualified, then it means a jury of twelve men; and the city council had no authority to reduce the number to six. But if, on the other hand, it was not intended in that general sense, but the term was employed as synonymous with that of commissioners, and the number left to the discretion of the council, then it is clear that they should have been appointed by the council, and the delegation by that body of power to the mayor to select them, was unauthorized and void. *City of East St. Louis* v. *Wehrung,* 50 Ill. 28; Dillon on Corp. pp. 108, 109.

Another vital objection to the ordinance and proceeding under it, is, that the principle of the statute requiring the assessments to be made in the ratio of advantages and benefits, was wholly disregarded.

We are of opinion that the assessment was illegal, and that the judgment of the court below sustaining it, should be reversed.

*Judgment reversed.*

Mr. JUSTICE SCOTT took no part in this decision.