(No. 24396

JOHN L. HUBER *et al.* Appellees, *vs.* VAN SCHAACK-MUTUAL, INC., Appellant.

*Opinion filed February 16, 1938.*

BENNETT & COLBACH, for appellant.

J. EDWARD NEWBERGER, and FRANKEL & FRANKEL, (HIRAM T. GILBERT, of counsel,) for appellees.

Mr. CHIEF JUSTICE FARTHING delivered the opinion of the court:

John L. and Harold F. Huber, doing business as The Huber Neon Sign Company, sued the Van Schaack-Mutual, Inc. in the municipal court of Chicago and recovered a judgment for $4000 and costs. The suit was based on an oral contract for the manufacture and sale of 100 neon signs to the appellant at $57.50 each. The defendant moved the court to direct a verdict in its favor at the close of the plaintiffs' evidence and at the close of all the evidence. These motions, as well as its motion for a judgment *non obstante veredicto,* were overruled. Judgment was entered on the verdict of a jury of six jurors and this appeal followed.

Appellant's contentions are that it has been denied a constitutional right to a trial by a jury of twelve contrary to section 5 of article 2 of the constitution of 1870; that the court erred in denying appellant's motions for a directed verdict because appellant says there was no proof of agency in Luff, the man who, it is claimed, ordered the signs; that the verdict is against the manifest weight of the evidence; that, to be enforceable, a contract of sale must be definite as to the amount, price, terms of payment and time of delivery, but the proof to establish these matters was lacking, and that the appellees are estopped from claiming damages because damages which are subject to positive proof may not be estimated or speculative.

At the time appellees filed their suit they also filed a demand in writing for a trial by jury consenting, however, to a jury of six, and paid the clerk of the court a fee of $6, in accordance with section 56 of the municipal court act (rule 167 of that court) adopted November 1, 1935, pursuant to section 20 of the act, and the ordinance of the city of Chicago, adopted January 10, 1935. The appellant did not comply with rule 167 and the ordinance or with section 56 of the act in that it deposited no jury fee at the

time it entered its appearance. When the issues were made up and the jury was being empaneled for the trial of the case, the appellant demanded a jury of twelve instead of six jurors, but it still paid no jury fee. Its demand was refused and it insists that thereby it was denied a constitutional right to have the issues of fact in this case tried by a jury of twelve jurors.

Section 34 of article 4, of the constitution of 1870 authorizes the General Assembly to pass any laws it deems necessary to provide a scheme or charter of local municipal government for the city of Chicago and provides that these laws must be ratified by a majority of the voters in that city, but that they shall only be subject to the conditions and limitations therein contained. (*People* v. *Gill,* 358 Ill. 261.) In the case just cited we upheld an ordinance which fixed fees in the municipal court recommended by the judges of that court as provided by the amendment of 1931 to section 56 of the Municipal Court act.

Section 5 of article 2 of the constitution of 1870 provides: "The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law." However, we held in *Williams* v. *Gottschalk,* 231 Ill. 175, and *Morrison Hotel Co.* v. *Kirsner,* 245 id. 431, that this right does not prohibit the requirement of payment of a jury fee by a party demanding that mode of trial, and that this constitutes no violation of the constitution.

In *Ptacek* v. *Coleman,* 364 Ill. 618, we reaffirmed our holding that the municipal court of Chicago is a part of the local municipal government of that city established pursuant to section 34 of article 4 of the constitution as amended in 1904, and we reviewed, at length, that court's rule-making power. We held that it had the power to adopt a different rule as to the taking of a non-suit and that this was not governed by the Civil Practice act. It is not necessary to

repeat here the sections of the municipal court act set out in that decision. It was well within the power of the municipal court to adopt rule 167. It provides that if the plaintiff in an action of this class paid a jury fee of six dollars and consented to a trial by six jurors, the defendant, when he entered his appearance, was required to pay an additional jury fee of six dollars if he desired the case to be tried by a jury of twelve. As to this particular matter the same provisions, in substance, found in rule 167 (adopted by the court, November 1, 1935) are also contained in the ordinance adopted by the city of Chicago January 10, 1935. It is clear from a consideration of the 1904 amendment to the constitution, the applicable provisions of the municipal court act discussed in *Ptacek* v. *Coleman, supra,* and the ordinance last referred to, that the municipal court had the power to adopt this rule. It is also clear from the holdings in the *Williams* and the *Morrison Hotel Co. cases,* referred to above, that the appellant's constitutional right to have the issues of fact tried by a jury of twelve has not been violated.

Appellant contends that the court erred in denying its motions for a directed verdict because there was no proof of agency, insufficient proof of damages, the verdict was against the manifest weight of the evidence, and that the oral contract was invalid and unenforceable because it was not definite in its terms. No motion for a new trial was made and we have held that the question of the sufficiency of the evidence to support the verdict of a jury and the judgment rendered thereon is not open to review unless the question has first been presented to the trial court by such a motion. It is the duty of litigants to seek this mode of relief in the trial court before praying an appeal. *Chicago, Burlington and Quincy Railroad Co.* v. *Haselwood,* 194 Ill. 69.

Contrary to appellant's contention there was proof that Luff was its agent. There was a showing as to damages,

and as to definite terms of a contract. Sufficient evidence on all these points was produced, and while Luff denied being appellant's agent, the jury was warranted in arriving at the verdict it reached. The court did not err in denying appellant's motions to direct a verdict and its motion for judgment notwithstanding the verdict.

For the reasons indicated the judgment of the municipal court of Chicago is affirmed.

*Judgment affirmed.*