# Illinois Official Reports

## Supreme Court

***Kakos v. Butler*, 2016 IL 120377**

| | |
|---|---|
| Caption in Supreme Court: | JAMES KAKOS, D.D.S., *et al.*, Appellants, v. JESSE BUTLER, M.D., *et al.* (Jerry Bauer, M.D., *et al.*, Appellees). |
| Docket No. | 120377 |
| Filed | September 22, 2016 |
| Decision Under Review | Appeal from the Circuit Court of Cook County; the Hon. William E. Gomolinski, Judge, presiding. |
| Judgment | Affirmed and remanded. |
| Counsel on Appeal | David A. Axelrod, Stacey L. Leinheiser, and Lauren C. Kaplan, all of David A. Axelrod & Associates, P.C., of Chicago, for appellants. |
| | Robert W. Smyth, Jr., Karen Kies DeGrand, and Laura K. Coffey, all of Donohue Brown Mathewson & Smyth, LLC, of Chicago, for appellees Jerry Bauer and Jerry Bauer, M.D., S.C. |
| | Pretzel & Stouffer, Chtrd., of Chicago (Robert Marc Chemers, Timothy A. Weaver, Peter G. Syregelas, Michael A. Barry, and Paula K. Villela, of counsel), for appellees Steven M. Mardjetko and Illinois Bone & Joint Institute, LLC. |
| | Julie A. Teuscher, John N. Seibel, Anne M. Junia, and Matthew A. Eliaser, all of Cassiday Schade LLP, of Chicago, for appellees Olivia Wang, Austin Chen, and Advocate Lutheran General Hospital. |

Justices

CHIEF JUSTICE GARMAN delivered the judgment of the court, with opinion.

Justices Freeman, Karmeier, Burke, and Theis concurred in the judgment and opinion.

Justices Thomas and Kilbride took no part in the decision.

**OPINION**

¶ 1    Plaintiffs filed a complaint at law alleging multiple counts of medical negligence and loss of consortium against defendants. Defendants filed a motion requesting a 12-person jury and seeking a declaration that Public Act 98-1132 (eff. June 1, 2015) (Act) is unconstitutional. Public Act 98-1132 limits the size of a civil jury to 6 persons and increases the amount paid per day to jurors across the state.

¶ 2    The circuit court of Cook County found the provision regarding the size of a jury facially unconstitutional based on article I, section 13, of the Illinois Constitution, which protects the right of trial by jury. Ill. Const. 1970, art. I, § 13. The circuit court also held this provision violates the separation of powers. Plaintiffs appealed to this court as a matter of right. Ill. S. Ct. R. 302(a) (eff. Oct. 4, 2011).

¶ 3                              BACKGROUND

¶ 4    Plaintiffs, Dr. Kakos and his wife, filed a complaint alleging nine counts of medical negligence and nine counts of loss of consortium against defendants: doctors Butler, Bauer, Mardjetko, Wang, and Chen and their respective employers; Spine Consultants, LLC; Center of Brain and Spine Surgery, S.C.; Illinois Bone and Joint Institute, LLC; and Advocate Health and Hospitals Corporation.[1] The facts regarding these allegations are irrelevant for purposes of this appeal.

¶ 5    Defendants Bauer and the Center of Brain and Spine Surgery filed their appearance and moved for leave to file a 12-person jury demand and "to declare Public Act 98-1132, which amended 735 ILCS 5/2-1105(b), as unconstitutional." The remaining defendants joined the motion. The circuit court consolidated this motion with motions challenging the constitutionality of the Act filed in several other cases.

¶ 6    Public Act 98-1132 amended two statutes: section 2-1105(b) of the Code of Civil Procedure (735 ILCS 5/2-1105(b) (West 2012)) and section 4-11001 of the Counties Code (55 ILCS 5/4-11001 (West 2012)). It was enacted in December 2014, and both provisions took effect June 1, 2015. Prior to the Act, section 2-1105(b) provided:

> "All jury cases where the claim for damages is $50,000 or less shall be tried by a jury of 6, unless either party demands a jury of 12. If a fee in connection with a jury demand is required by statute or rule of court, the fee for a jury of 6 shall be ½ the fee for a jury of

---

[1]Defendants Butler and Spine Consultants, LLC, were dismissed from the underlying litigation by the circuit court pursuant to section 2-1010 of the Code of Civil Procedure after plaintiffs filed their appeal in this court (735 ILCS 5/2-1010 (West 2012)).

12. A party demanding a jury of 12 after another party has paid the applicable fee for a jury of 6 shall pay the remaining ½ of the fee applicable to a jury of 12." 735 ILCS 5/2-1105(b) (West 2012).

The amendment eliminated the ability of either party to request a jury of 12:

"All jury cases shall be tried by a jury of 6. If alternate jurors are requested, an additional fee established by the county shall be charged for each alternate juror requested. For all cases filed prior to the effective date of this amendatory Act of the 98th General Assembly, if a party has paid for a jury of 12, that party may demand a jury of 12 upon proof of payment." 735 ILCS 5/2-1105(b) (West 2014) (amended by Pub. Act 98-1132 (eff. June 1, 2015)).

Prior to the passage of this Act, section 4-11001 of the Counties Code provided that each county would pay to each juror either $4, $5, $10, or some higher amount per day of necessary attendance depending on the class of the county. 55 ILCS 5/4-11001 (West 2012). The Act amended the section to provide one rate of pay across the state: $25 for the first day and $50 thereafter.

¶ 7 The circuit court heard arguments on the consolidated motion and entered a memorandum order and opinion, in which it held that the provision of Public Act 98-1132 that amended section 2-1105(b) violates the right of trial by jury and the separation of powers. Thus, the circuit court held this provision is facially unconstitutional and that section 2-1105(b) as amended is void. Plaintiffs filed a notice of appeal in this court as a matter of right, pursuant to Illinois Supreme Court Rule 302.

¶ 8                                    ANALYSIS

¶ 9 Plaintiffs maintain that the provision of Public Act 98-1132 that amended section 2-1105(b) does not violate the right of trial by jury because that right does not entitle a litigant to a jury composed of 12 jurors. Plaintiffs also argue the circuit court erred in concluding this provision violates the constitutionally protected separation of powers because the Act does not interfere with this court's authority. This court reviews *de novo* whether legislation is unconstitutional. *Hayashi v. Illinois Department of Financial & Professional Regulation*, 2014 IL 116023, ¶ 22; *Lebron v. Gottlieb Memorial Hospital*, 237 Ill. 2d 217, 227 (2010). We presume that challenged legislation is constitutional and seek to construe legislation in a manner that upholds its constitutionality if we can reasonably do so. *Hayashi*, 2014 IL 116023, ¶ 22. It is the challenger's burden to establish the provision is unconstitutional. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 377 (1997) (citing *Bernier v. Burris*, 113 Ill. 2d 219 (1986)). When asserting legislation is facially unconstitutional, the challenger "must establish that no set of circumstances exists under which the Act would be valid." *United States v. Salerno*, 481 U.S. 739, 745 (1987); *In re C.E.*, 161 Ill. 2d 200, 210-11 (1994).

¶ 10                              *Right of Trial by Jury*

¶ 11 Defendants primarily challenge the Act on grounds that it violates the right of trial by jury as protected by the Illinois Constitution. Both the United States and Illinois Constitutions ensure that civil litigants have the right of trial by jury. This court applies a limited lockstep approach when interpreting cognate provisions of the state and federal constitutions. Under this approach, the court looks to whether the two provisions differ in any substantial manner.

"If a provision in the state constitution is similar to a provision in the federal constitution, but differs from it in some significant respect, the language of the [state] provision must be given effect. *** [I]f a provision of the state constitution is identical to or synonymous with the federal constitutional provision, federal authority on the provision prevails, unless 'the language of our constitution, the constitutional convention debates and committee reports, or state custom and practice *** indicate that the provisions of our constitution are intended to be construed differently.' " *Hampton v. Metropolitan Water Reclamation District of Greater Chicago*, 2016 IL 119861, ¶ 10 (quoting *Hope Clinic for Women, Ltd. v. Flores*, 2013 IL 112673, ¶ 83, and citing *People v. Caballes*, 221 Ill. 2d 282, 289-90 (2006)).

¶ 12    The seventh amendment to the United States Constitution provides: "In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. Const., amend. VII. The United States Supreme Court has held that neither the seventh amendment nor the sixth amendment, which protects the right of trial by jury in criminal cases, requires a 12-person jury. *Colgrove v. Battin*, 413 U.S. 149, 160 (1973) (seventh amendment); *Williams v. Florida*, 399 U.S. 78, 103 (1970) (sixth amendment). To reach this conclusion, the Court examined whether the amendments protect the common-law features of a jury trial, including jury size. The Court in *Williams* identified several features of the sixth amendment that demonstrate that the framers did not intend for the characteristics of a jury at common law to be preserved in the United States Constitution, including the lack of a vicinage requirement and the lack of any express language tying the jury concept to "accustomed requisites." *Williams*, 399 U.S. at 96-97; but see *id.* at 116 (Marshall, J., dissenting); *id.* at 117 (Harlan, J., dissenting). In *Colgrove*, the Court again found that the framers were "concerned with preserving the right of trial by jury in civil cases where it existed at common law, rather than the various incidents of trial by jury" and thus that there was "no intention on the part of the Framers 'to equate the constitutional and common-law characteristics of the jury.' " (Emphasis omitted.) 413 U.S. at 155-56 (quoting *Williams*, 399 U.S. at 99); but see *id.* at 166-67 (Marshall, J., dissenting, joined by Stewart, J.).

¶ 13    Article I, section 13, of the Illinois Constitution, on the other hand, reveals an intent on the part of the drafters to maintain common-law characteristics of jury trials. Ill. Const. 1970, art. I, § 13. Article I, section 13, provides: "The right of trial by jury as heretofore enjoyed shall remain inviolate." *Id.* The phrase "as heretofore enjoyed" plainly indicates that the drafters intended for certain characteristics of a jury trial to be maintained. For this reason, we construe the right of trial by jury protected by the Illinois Constitution differently than the rights protected by the federal constitution. *People ex rel. Daley v. Joyce*, 126 Ill. 2d 209, 214-15 (1988) ("[The] difference in the language of our State constitution from that of the Federal Constitution *** is one of substance and not merely one of form. In view of this difference, *** we should give our State constitutional provision meaning independent of the construction the Federal courts have placed on the jury trial provisions of the Federal Constitution.").

¶ 14    This court has long interpreted the phrase "as heretofore enjoyed" to mean "the right of a trial by jury as it existed under the common law and as enjoyed at the time of the adoption of the respective Illinois constitutions." *People v. Lobb*, 17 Ill. 2d 287, 298 (1959); see *People v. Sanders*, 238 Ill. 2d 391, 399 (2010) ("The court had previously construed those words to mean the right to trial by jury as it existed under the common law ***."); *Joyce*, 126 Ill. 2d at 215

("[I]t is the common law right to jury trial *as enjoyed at the time of the adoption of the 1970 constitution* to which 'heretofore enjoyed' refers." (Emphasis in original.)); *Reese v. Laymon*, 2 Ill. 2d 614, 618 (1954) ("As construed by the courts, the provision means the right of trial by jury as it existed at common law, and as enjoyed at the adoption of the respective constitutions."); *People v. Bruner*, 343 Ill. 146, 149 (1931) ("The word 'heretofore' evidently relates to the past, and to determine the true meaning of the words 'the right of trial by jury as heretofore enjoyed,' it is necessary to have recourse to the common law of England."); *Sinopoli v. Chicago Railways Co.*, 316 Ill. 609, 616 (1925) ("The provision in each [constitution] means the same thing, which is the right of trial by jury as it existed at common law and was enjoyed at the adoption of the respective constitutions."); *George v. People*, 167 Ill. 447, 455 (1897) ("The right protected by each constitution was the right of trial by jury as it existed at common law."). This provision does not, however, preserve all features of a common-law jury trial. *Lobb*, 17 Ill. 2d at 299. "The cardinal principle is that the essential features of trial by jury as known to the common law must be preserved and its benefits secured to all entitled to the right. *** The question of the constitutionality of any particular modification of the law as to trial by jury resolves itself into a question of what requirements are fundamental and what are unessential ***." *People v. Kelly*, 347 Ill. 221, 225 (1931).

¶ 15       In 1897, the Illinois Supreme Court addressed the meaning of the phrase "heretofore enjoyed" in order to determine whether a prisoner had a constitutional right to have his term of punishment fixed by a jury. *George*, 167 Ill. at 456-57. The court "found that the right of trial by jury [comprises] certain specified things, which cannot be dispensed with or disregarded on the trial of a person charged with a felony." *Id.* Among these things, a "jury of twelve men must be empaneled, and any less number would not be a common law jury." *Id.* at 457. The jury must also be "indifferent," "summoned from the vicinage or body of the county in which the crime was alleged to have been committed," and "unanimously concur in the verdict." *Id.*

¶ 16       In 1938, the court considered the constitutionality of a statute that required a civil litigant to pay a fee for a 6-member jury and an additional fee for a 12-member jury. *Huber v. Van Schaack-Mutual, Inc.*, 368 Ill. 142, 144-45 (1938). The appellant asserted that the additional fee violated his right of trial by a jury of 12. *Id.* The court concluded that the appellant's "constitutional right to have the issues of fact tried by a jury of twelve ha[d] not been violated." *Id.* at 145. The court did not discuss whether the right of trial by jury includes the right to a jury of 12. Instead, it relied upon precedent upholding the constitutionality of court fees for a jury trial. *Id.* at 144 (citing *Morrison Hotel & Restaurant Co. v. Kirsner*, 245 Ill. 431 (1910), and *Williams v. Gottschalk*, 231 Ill. 175 (1907)). While the court did not directly rule on the issue before us today, the *Huber* decision strongly implies that the court considered the size of the jury to be an essential element of the right of trial by jury.

¶ 17       Since that time, this court has not directly addressed whether the size of the jury is an essential common-law characteristic protected by the Illinois Constitution. However, the court has often referred to the size of a jury when describing the essential elements of a constitutional jury in civil lawsuits. See *Hartgraves v. Don Cartage Co.*, 63 Ill. 2d 425, 427 (1976) ("The right to trial by jury is guaranteed by the 1970 Illinois Constitution [citation], and this court has long determined that a jury is comprised of 12 members."); *Liska v. Chicago Railways Co.*, 318 Ill. 570, 583 (1925) ("[The right of trial by jury] is the right to have the facts in controversy determined, under the direction and superintendence of a judge, by twelve impartial jurors who possess the qualifications and are selected in the manner prescribed by law."); *Sinopoli*, 316 Ill.

at 619-20 ("The essential thing in the right of trial by jury is the right to have the facts in controversy determined under the direction and superintendence of a judge by twelve impartial jurors having the qualifications and selected in the manner required by law, whose verdict must be unanimous and shall be conclusive, subject to the right of the judge to set it aside if in his opinion it is against the law or the evidence and to grant a new trial."); see also *Povlich v. Glodich*, 311 Ill. 149, 152 (1924) ("The statute authorized the assessment of damages by a jury, which means twelve men. In all actions governed by the common law a less or greater number is not a jury unless by the consent of the parties."); *Bibel v. People ex rel. City of Bloomington*, 67 Ill. 172, 175 (1873) ("If we construe[d] the word jury *** as used in the sense in which that term is understood in all constitutions and statutes when not expressly qualified, then it means a jury of twelve men ***.").

¶ 18    The court has also referred to the right to a jury of 12 in criminal trials. See, *e.g.*, *Kelly*, 347 Ill. at 227 ("The three essentials of a jury at common law are, that it should be composed of twelve men, that they should be impartial and that their verdict should be unanimous."); *George*, 167 Ill. at 457 ("A jury of twelve men must be empaneled, and any less number would not be a common law jury."); see also *People v. Ward*, 32 Ill. 2d 253, 258-59 (1965); *People v. Kolep*, 29 Ill. 2d 116, 126 (1963); *Lobb*, 17 Ill. 2d at 298; *People v. Schoos*, 399 Ill. 527, 536 (1948); *People v. Scudieri*, 363 Ill. 84, 87 (1936); *Joyce*, 126 Ill. 2d at 220. Thus, there is substantial evidence that the size of the jury is an essential feature of the common-law right to trial by jury "as heretofore enjoyed" under Illinois law.

¶ 19    Both parties present arguments addressing how the size of a jury does or does not affect the performance of a jury in support of their respective positions. Plaintiffs cite the studies relied upon by the federal court to conclude that a jury of less than 12 people does not threaten the effectiveness or authenticity of a jury trial. See *Williams*, 399 U.S. at 101 nn. 48, 49 (citing a number of studies regarding the effect of 6-person juries and group decision making). Defendants argue the results of these studies have since been refuted. The circuit court cited newer studies "supporting the conclusion that decreasing the number of jurors corresponds to decreasing diversity of the jury and may impede the deliberative process."

¶ 20    Defendants further note that the United States Supreme Court has cast some doubt on the studies relied upon in *Williams* and *Colgrove*. In *Ballew v. Georgia*, the Court recognized a number of studies that indicate progressively smaller juries are less likely to foster effective group deliberation and that a positive correlation exists between group size and the quality of both group performance and group productivity. 435 U.S. 223, 232-39 (1978). Based on these studies, the Court held that a jury of less than 6 would violate a criminal defendant's jury trial right. *Id.* at 239. However, the Court maintained its holding from *Williams* that a jury less than 12 does not inherently violate the right protected in the sixth amendment. *Id.*

¶ 21    We recognize that both defendants' and plaintiffs' positions have some merit but remain concerned with whether the right to a 12-person jury was "heretofore enjoyed" at the time the 1970 Constitution was drafted. "Our task is limited to determining whether the challenged legislation is constitutional, and not whether it is wise." *Best*, 179 Ill. 2d at 390 (citing *Bernier*, 113 Ill. 2d at 230).

¶ 22    There is ample evidence that the drafters at the 1970 Constitutional Convention believed they were specifically preserving the right to a 12-person jury when they adopted the current constitution. Delegates debated allowing the legislature to reduce the size of civil juries to less

than 12 members and allowing the legislature to require less than unanimous verdicts in civil trials. Transcripts from the constitutional convention debates disclose that the delegates did not believe that the legislature had the authority to reduce the size of a civil jury prior to the 1970 convention.

¶ 23    Delegate Wilson proposed an amendment to allow the General Assembly to "provide for juries of less than twelve but not less than six and to provide for verdicts in civil cases by not less than three-fourths of the jurors." 3 Record of Proceedings, Sixth Illinois Constitutional Convention 1430 (statements of Delegate Wilson). He explained that the amendment was intended to provide the legislature greater flexibility to address delays and backlogs. *Id.* "The amendment itself does not do anything as far as the right of trial by jury in civil cases is concerned," Delegate Wilson explained, "but it does vest in the legislature the authority which the legislature presently does not have to provide for juries of less than twelve but not less than six and to provide for verdicts in civil cases by not less than three-fourths of the jurors." *Id.* When asked whether reducing the size of juries and abolishing the unanimous verdict requirement would make jury trials more efficient, Delegate Wilson clarified that the proposed amendment would not itself reduce the size of juries or abolish the unanimous verdict requirement. *Id.* at 1432. "The amendment only gives this power to the legislature, to be exercised by the legislature if, as, and when the legislature sees fit. As the constitutional provision is now, it is quite inflexible. The hands of the legislature are tied." *Id.* (statements of Delegate Wilson). The delegates initially voted to adopt this amendment. *Id.*

¶ 24    After the second reading, however, Delegate Lennon proposed an amendment "to retain intact the system of jury trials in the state that we have heretofore enjoyed, both in the criminal area and in the civil area." 4 Record of Proceedings, Sixth Illinois Constitutional Convention 3637. "The language that I seek to delete," he explained, "would, in effect, provide a means for the legislature to reduce our twelve-man system of jury trials down to a number as low as six and to provide for verdicts by three-quarters of the jurors in those civil cases." *Id.* The majority of delegates voted to adopt Delegate Lennon's amendment, effectively reversing the adoption of Delegate Wilson's amendment and returning the provision to its original form. *Id.* at 3641. After these changes were made, Delegate Gertz, chairman of the Bill of Rights committee, suggested there was no need to schedule a transition regarding the right to jury trial provision, because the constitutional right had not been changed. 5 Record of Proceedings, Sixth Illinois Constitutional Convention 4241. "As I understand it," he explained, "juries of less than twelve are by consent of the parties. They are not constitutional or even statutory, except insofar as the statute says that the parties may consent to smaller juries. So far as the constitution is concerned, the jury must be one of twelve members in criminal or civil cases unless the parties otherwise agree." *Id.* (statements of Delegate Gertz). These discussions indicate that the delegates believed the size of the jury was an essential element of the right as enjoyed at the time they were drafting the constitution and they deliberately opted not to make any change to that element. See 7 Record of Proceedings, Sixth Illinois Constitutional Convention, Proposed 1970 Constitution for the State of Illinois—Official Text With Explanation 2686 ("This section is the same as Article II, Section 5 of the 1870 Constitution, except that it deletes an out-dated reference to the office of justice of the peace, which has been abolished."); see also *Joyce*, 126 Ill. 2d at 215 (discussing the debate regarding the right of trial by jury at the 1970 Constitutional Convention and concluding that "there was no intent to change trial by jury as that right was enjoyed in this State at the time of the 1970 constitutional convention").

¶ 25 Plaintiffs assert the right as it existed at the time of the 1970 Constitutional Convention did not include a 12-juror requirement. For support, they cite the predecessors to section 2-1105(b) and Illinois Supreme Court Rule 285 that were in effect when the 1970 Constitution was drafted: section 64(2) of the Civil Practice Act and former Rule 9-1(E). In 1970, section 64(2) provided that "All jury cases where the claim for damages does not exceed $10,000 shall be tried by a jury of 6, unless either party demands a jury of 12." Ill. Rev. Stat. 1969, ch. 110, ¶ 64(2). This provision did not foreclose a litigant's right to seek a jury of 12. Nothing in this provision implies the legislature had authority to prohibit a litigant from demanding a jury of 12. Similarly, Rule 9-1(E), which was adopted in 1964 and has remained substantively unchanged since, provided:

> "A small claim shall be tried by the court unless a jury demand is filed by the plaintiff at the time the action is commenced or by the defendant not later than the date he is required to appear. There shall be 6 jurors unless either party demands 12. A party demanding a jury shall pay a fee of $12.50 unless he demands a jury of 12, in which case he shall pay a fee of $25, or, if another party has previously paid a fee for a jury of 6, $12.50." Ill. S. Ct. R. 285 & Committee Comments ("This is paragraph E of former Rule 9-1, effective January 1, 1964, without change.").

Neither does this rule foreclose a litigant's right to seek a jury of 12, and the fact that the rule had been adopted before the 1970 Constitution was drafted is not evidence that this court believed the right to a trial by jury was satisfied by a jury of less than 12. In cases in which the parties did not seek a jury of 12, it was understood that the parties had waived their right to do so. See *Hartgraves*, 63 Ill. 2d at 427-28 ("[T]his court has long determined that a jury is comprised of 12 members. [Citations.] The parties can, however, consent in open court to a unanimous verdict of a jury of less than 12."); see also *Huber*, 368 Ill. at 144-45 (discussing the constitutionality of a provision that allowed litigants to consent to a jury of 6 and pay a lesser fee than if they demanded a jury of 12); *Povlich*, 311 Ill. at 152 ("a less or greater number [than 12] is not a jury unless by the consent of the parties").

¶ 26 Plaintiffs also point to the court's decision in *People ex rel. Denny v. Traeger*, 372 Ill. 11 (1939), as evidence that not all common-law features of a jury trial were preserved in the 1970 Illinois Constitution. In *Traeger*, the court addressed whether women could serve on juries. *Id.* The court had, in several opinions, referred to juries of "twelve men" when discussing the essential elements of the right of trial by jury. See, *e.g.*, *Huber*, 368 Ill. at 144; *People v. Pierce*, 369 Ill. 172, 175 (1938); *Scudieri*, 363 Ill. at 87; *Kelly*, 347 Ill. at 227; *Sinopoli*, 316 Ill. at 618; *George*, 167 Ill. at 457; *Bibel*, 67 Ill. at 175. In fact, the jury trial provision as written at the time *Traeger* was decided included the term "men." Ill. Const. 1870, art. II, § 5 ("The right of trial by jury as heretofore enjoyed, shall remain inviolate; but the trial of civil cases before justices of the peace by a jury of less than twelve men may be authorized by law."). The court explained that the term "men" had been used elsewhere in the 1870 Constitution and concluded it would be "absurd and lead to ridiculous conclusions" if the term "men" in these contexts was not interpreted in a generic sense. *Traeger*, 372 Ill. at 16-17. There is no similar reason for interpreting the court's repeated use of the number 12 in its descriptions of the essential elements of a jury trial as some number less than 12.

¶ 27 Furthermore, the court in *Traeger* determined that the sex of a juror is a matter of juror qualification, not an essential element of the right of trial by jury. *Id.* at 13-14. Qualifications

have changed continuously over time as the legislature and court have recognized the abilities of different people to serve as jurors and the importance of having a diverse group of people serve as jurors. *Id.* (discussing how, at one time, it was required that jurors be "selected from the villa or place where the offense was committed or the dispute arose," that they be "drawn from the body of the county," that they be "freeholders," and that they meet "certain standards of personal property ownership and tax payments"). "It is settled that no one set of qualifications of jurors was engrafted upon the law by any of the constitutional guarantees." *Id.* at 14. Size of the jury is a common-law feature of the jury trial itself, not a juror qualification. Accordingly, *Traeger* provides no support for plaintiffs' argument that the legislature could change the size of the jury without infringing on the right of trial by jury.

¶ 28   Because the size of the jury—12 people—was an essential element of the right of trial by jury enjoyed at the time the 1970 Constitution was drafted, we conclude jury size is an element of the right that has been preserved and protected in the constitution. The provision of Public Act 98-1132 amending section 2-1105(b) and reducing the size of a jury in civil trials is thus unconstitutional.

¶ 29   Legislation is facially unconstitutional if no set of circumstances exist under which it would be valid. *Salerno*, 481 U.S. at 745; *In re C.E.*, 161 Ill. 2d at 210-11. There is no set of circumstances in which the provision of Public Act 98-1132 amending section 2-1105(b) could be valid. Even if a litigant wanted a jury of 6, it is the litigant's right to waive the right to 12 jurors. See *People ex rel. Birkett v. Dockery*, 235 Ill. 2d 73, 78 (2009) ("It is undisputed that because a defendant can waive his entire right to a trial by jury [citation], he can also waive his constitutional right to a jury panel composed of 12 members." (citing *Scudieri*, 363 Ill. at 87, and *Pierce*, 369 Ill. 172)). "The power to waive follows the existence of the right ***." *Joyce*, 126 Ill. 2d at 222 (quoting *People v. Spegal*, 5 Ill. 2d 211, 218 (1955), quoting *People v. Scornavache*, 347 Ill. 403, 419 (1931) (DeYoung, J., dissenting, joined by Dunn and Duncan, JJ.)). Therefore, the Act as it amends section 2-1105(b) is facially unconstitutional and void *ab initio*. See *Hill v. Cowan*, 202 Ill. 2d 151, 156 (2002).

¶ 30   Because we have concluded that the Act and section 2-1105(b), as amended, are unconstitutional based on the right of trial by jury, we need not consider defendant's alternative argument that the Act violates the separation of powers.

¶ 31                                                 *Severability*

¶ 32   The circuit court limited its order and opinion to the provision of the Act that amended section 2-1105(b). However, we must consider whether this unconstitutional provision can be severed from the remainder of the Act. "Whether or not an act is severable is a question of legislative intent." *Best*, 179 Ill. 2d at 460. To determine whether a provision is severable, we consider "whether the valid and invalid provisions of the Act are 'so mutually connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently ***.' " *Id.* (quoting *Fiorito v. Jones*, 39 Ill. 2d 531, 540 (1968)).

¶ 33   Transcripts from the legislative debates regarding Public Act 98-1132 reveal the legislation was intended to make jury trials more efficient and to incentivize citizens to participate in jury duty. 98th Ill. Gen. Assem., House Proceedings, Dec. 2, 2014, at 37, 63; 98th Ill. Gen. Assem.,

Senate Proceedings, Dec. 3, 2014, at 35-36. To meet these goals, the legislature reduced the size of the jury in civil cases and raised the amount paid to each juror. The two provisions were intended to act in tandem. 98 Ill. Gen. Assem., House Proceedings, Dec. 2, 2014, at 37 ("In order to offset the cost of increased payment for jurors, the Bill reduces the number of jurors in a civil case from 12 jurors to 6." (statements of Representative Burke)); *id.* at 37-38 ("By being called upon less often and being compensated better, jurors will be more willing to serve." (statements of Representative Burke)); *id.* at 45, 58, 61-62 (discussing how the jury size provision was included to offset the cost of increasing jury pay).

¶ 34 If the provision raising the amount to be paid to each juror remains valid while the provision reducing the size of the jury is invalidated, then the legislative purpose will be frustrated. The cost of jury trials across the state will dramatically increase without any offset. Based on the transcripts of the debates, it is evident the legislature would not have passed the provision increasing pay independently. See *Best*, 179 Ill. 2d at 460. Therefore, we conclude that the provision reducing the size of the jury cannot be severed from the remainder of Public Act 98-1132 and that the entirety of the Act is invalid.

¶ 35                                                          CONCLUSION

¶ 36 Defendants challenge the constitutionality of Public Act 98-1132 insofar as the Act prohibits a civil litigant from demanding a jury composed of 12 members. The 1970 Constitution protects the right of trial by jury "as heretofore enjoyed," which means the right as it was enjoyed at the time the constitution was drafted. While there is some flexibility within this definition, it is clear that the drafters intended for the essential common-law features of a jury trial as then enjoyed to be preserved and protected. This court has long included the 12-person size of a jury within its descriptions of the essential features of a jury trial. Additionally, transcripts from the convention debates make clear that the drafters did not believe the legislature had the authority to reduce the size of a jury below 12 members and the drafters did not act to give the legislature such power.

¶ 37 Based on this evidence, we conclude the right of trial by jury includes the right to demand a 12-member jury. Because Public Act 98-1132 bars a litigant from exercising this right, we hold the Act and the statute it amended (735 ILCS 5/2-1105(b) (West 2012)) facially unconstitutional. Furthermore, because the provision regarding jury size cannot be severed from the remainder of the Act, which addresses juror pay, we hold the Act is entirely invalid. The judgment of the circuit court is affirmed, and this cause is remanded for further proceedings in light of this opinion.

¶ 38       Affirmed and remanded.