86   265
83a  439

CHRISTIAN KASSING

ᵥ.

JOHN A. GRIFFITH *et al.*

1. AFFIDAVIT OF CLAIM—*what officer may take same.* A commissioner of deeds for this State residing in another State is fully authorized by our statute to administer all oaths which may be lawfully required in this State, and an affidavit of a non-resident plaintiff of the nature of his demand may properly be made before such officer.

2. AFFIDAVIT OF MERITS—*when necessary.* Where the plaintiff has filed with his declaration an affidavit of claim, a plea to the merits must be accompanied with an affidavit of merits. The mere filing with such a plea a motion to strike the plaintiff's affidavit from the files will not obviate the necessity for an affidavit of merits.

3. Right of trial by jury. Where a defendant's plea to the merits is stricken from the files for want of an affidavit of merits, the defendant is technically in default, and he is not entitled to a jury, but the court may assess the damages.

Appeal from the Superior Court of Cook County; the Hon. Joseph E. Gary, Judge, presiding.

This was an action of *assumpsit*, by John A. Griffith, James O'Neill, and Joseph A. Maguire, partners, etc., against Christian Kassing.

The plaintiffs filed with their declaration an affidavit of their claim, sworn to by James O'Neill, before Howard Douglass, a commissioner of deeds for Illinois, residing in Hamilton county, Ohio, which is as follows:

"James O'Neill, being duly sworn, says that the demand of the plaintiffs in the above entitled cause is for goods sold and delivered by the plaintiffs to the defendant, at his special instance and request; and that there is due to the plaintiffs from the defendant, after allowing to him all just credits, deductions, and set-offs, the sum of three hundred and fifty-nine dollars and eleven cents. Deponent further says that the said defendant is a resident of Cook county."

The other material facts are stated in the opinion of the court.

Mr. George W. Parks, for the appellant.

Mr. D. E. Stewart and Mr. William L. Moss, Jr., for the appellees.

Mr. Justice Breese delivered the opinion of the Court:

This was *indebitatus assumpsit*, in the Superior Court of Cook County, by John A. Griffith and others, as partners, plaintiffs, and against Christian Kassing, defendant, on the common counts. Accompanying the declaration filed in the cause was a paper purporting to be an affidavit, as required by the statute.

The defendant put in a plea to the merits, accompanied

by a motion to strike from the files plaintiffs' affidavit. There was no affidavit of merits filed with the plea.

The plea of defendant was striken from the files for want of the statutory affidavit of merits.

Appellant insists, inasmuch as he filed with his plea a motion also, no affidavit was necessary, and cites a part of section 37 of the Practice Act, to the effect that no affidavit of merits need be filed with a demurrer, plea in abatement, or motion.   Rev. Stat. 1874, p. 779.

Where no plea to the merits is filed an affidavit is unnecessary, but when such a plea is put in, then the first part of this section of the statute controls.

The objection made to the plaintiffs' affidavit, filed with their declaration, is, that it was taken before a commissioner of this State, residing in Cincinnati, in the State of Ohio. There is no force in this objection.   Section 4 of chapter 26, title, " Commissioners of Deeds," etc., fully authorizes such commissioner to administer any oath which may be lawfully required in this State, to any person willing to take it.   To prevent fraud, each commissioner, by section 7, is to file with the secretary of state, an impression of his seal and copy of his signature.   His authentication in this case fully complies with the statute.   In other respects the affidavit conforms to the Practice Act.

As to the objection that appellant was deprived of a trial by jury, the answer is there was nothing for a jury to try — there was no issue of fact made up.   Defendant had no plea to the action — it was stricken from the files, and he was practically and technically in default, and the damages were properly assessed by the court, under the statute.   We see no error in the record and affirm the judgment.

*Judgment affirmed.*