THE CITY OF LINCOLN, Appellee, *vs.* THE CHICAGO AND
ALTON RAILROAD COMPANY, Appellant.

*Opinion filed February 21, 1914.*

1. APPEALS AND ERRORS—*a party cannot complain of method of
examining witnesses first adopted by him.* An objector in a pro-
ceeding to confirm a special assessment cannot complain, on ap-
peal, of a method of examining witnesses upon the subject of
benefits where he was the first to adopt such method; nor can he
urge an objection not made in the trial court which might have
been obviated by amendment.

2. The principal questions involved in this case are decided in
*City of Lincoln* v. *Chicago and Alton Railroad Co. (ante,* p. 11.)

APPEAL from the County Court of Logan county; the
Hon. CHARLES J. GEHLBACH, Judge, presiding.

W. A. COVEY, (SILAS H. STRAWN, of counsel,) for ap-
pellant.

URI KISSINGER, City Attorney, (HUMPHREY & ANDER-
SON, of counsel,) for appellee.

Mr. JUSTICE DUNN delivered the opinion of the court:

On March 28, 1913, the city council of the city of
Lincoln passed three ordinances for the paving, respec-
tively, of Chicago street, Pulaski street and Broadway.
Petitions were filed in the county court of Logan county
for the levy of special assessments to pay the cost of the
improvements and judgments of confirmation were entered,
from which the Chicago and Alton Railroad Company,
whose property was assessed in each proceeding, appealed.

Chicago street runs north-east and south-west, adjoin-
ing the railroad on the east. Pulaski street and Broad-
way cross Chicago street at right angles, Broadway im-
mediately south of the depot and Pulaski street a block
further south. The legal objections in the three cases were.

heard together on the same evidence and overruled. The question of benefits as to the Chicago street improvement was then submitted to a jury, and as to the Pulaski street and Broadway improvements to the court without a jury. This appeal is from the judgment in the case involving the paving of Broadway. The portion of the street to be paved extended from the west side of Chicago street, which is the east line of the railroad company's property, west about six blocks to Union street. The total cost of the improvement was estimated at $13,016.20, the public benefit at $1963.52, and the appellant's property, which adjoined the improvement 180 feet on each side thereof, was assessed $1637.70. Further facts material to be considered in the case are stated in the opinion in the case of *City of Lincoln* v. *Chicago and Alton Railroad Co.* (*ante,* p. 11,) which is an appeal from the case involving the Chicago street improvement. The same objection was made in this case as in that on account of the failure to assess the Lincoln Railway and Light Company, and it was properly overruled for the reasons stated in the opinion in that case. That opinion also disposes of the questions arising on the hearing in regard to benefits, out of the uses to which the property had been put and the restrictions on its use imposed by law or the deed by which it was held.

At the request of the petitioner the court held as a proposition of law that "it makes no difference in this case whether or not such property assessed is used at present for such purpose that it will not be specially benefited by the proposed improvement or is put to any use to which the market value of the same is unimportant, and that in determining the amount of benefit to said property not only the present use to which said property is put may be considered, but it should also be considered whether or not the market value of said property for any legitimate purpose for which the same may be used will be increased by reason of the construction of the proposed improvement."

This stated the same principle of law as the instruction set out in the opinion in the case cited above, and for the reasons there given was erroneous.

The appellant complains because it says that on the trial of the question of benefits the court permitted certain witnesses to answer, over its objection, the question what in their opinion would be the benefits to the appellant's property described in the assessment roll by reason of the construction of the proposed improvement of Broadway. It is argued that this was permitting the witnesses to testify to the ultimate fact that the appellant would be benefited to the amount assessed, without showing the market value of the property before and after the improvement. The appellant's brief contains no reference to any place in the abstract where we may discover any ruling of the court which is claimed to be erroneous. The appellee in its brief denies that in any case a witness was permitted to answer as to the ultimate fact, and says that if this was done and the appellee's method was objectionable it was because the appellant had first adopted the same method, and says further that this objection was not made at the hearing. But the appellee also makes no reference to the abstract showing what really did occur. We might leave the matter there without further consideration, for we can hardly be expected to search through an abstract of more than two hundred pages to find the rulings of the court complained about. We have, however, ascertained from the abstract that the appellant asked of several witnesses whether in their opinion the appellant's property would be benefited $1637.70 by the construction of the proposed improvement, and that the objection made to the question put to two or three of the witnesses for the appellee was, "no foundation laid, and second, not descriptive of the purposes for which the property can be used." If an objection had been made to the appellant's question it should have been sustained. (*City of Kankakee*

v. *Illinois Central Railroad Co.* 258 Ill. 368.) Having first adopted this method of examination, however, the appellant cannot now complain that the appellee followed the same course, nor can it now present an objection not made in the trial court which might have been obviated if made there.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*