(No. 15529.—Reversed and remanded.)

JOE POVLICH, Defendant in Error, *vs.* SAM GLODICH, Plaintiff in Error.

*Opinion filed February 19, 1924.*

1. PRACTICE—*when court may assess damages without a jury.* Under section 59 of the Practice act the court may hear the evidence and assess damages without a jury, and where the defendant has defaulted in an action of trespass on the case, or in any action sounding in damages, merely, where the law furnishes no legal rule for the assessment of damages, the court may either hear the evidence and assess the damages or submit the assessment to a jury.

2. SAME—*when defendant's right to jury trial is not violated in assessing damages.* The mere assessment of damages is not a trial and does not come within the provision of the constitution granting a defendant the right of trial by jury; and there is no violation of the constitutional right where the defendant has defaulted and the court attempts to assess damages by a jury of less than twelve men without the defendant's consent.

3. SAME—*defendant has right to appear and cross-examine witnesses in assessment of damages.* Upon a hearing for the assessment of damages a defendant who has suffered a default has a right to appear and cross-examine witnesses, but he can make no defense to the action or introduce testimony.

4. TRIAL—*a greater or less number than twelve does not constitute a jury except by consent of parties.* In all actions governed by the common law a less or greater number than twelve is not a jury unless by the consent of the parties, and without such consent the finding of any other number cannot be considered as a verdict of a jury, whether it is to settle an issue or to assess damages.

5. DAMAGES—*what is not a lawful assessment of damages by jury.* Although the court, where the defendant has defaulted in an action of trespass on the case, may assess damages or have the damages assessed by a jury, a finding of damages by a so-called jury of less than twelve men, without consent of the defendant, is not a lawful assessment of damages.

WRIT OF ERROR to the Circuit Court of Franklin county; the Hon. JULIUS C. KERN, Judge, presiding.

S. M. WARD, for plaintiff in error.

ALEXANDER FLANNIGEN, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Joe Povlich, defendant in error, recovered a judgment for $300 and costs in the circuit court of Franklin county against Sam Glodich, plaintiff in error, who sued out a writ of error from this court, assigning for error, among other things, that he was deprived of his right of trial by jury guaranteed by the constitution.

Joe Povlich filed his declaration in the circuit court of Franklin county to the February term, 1921, against Sam Glodich and W. H. Buchanan, in what was called an action of trespass on the case. It alleged that the defendants on December 22, 1920, "at Zeigler, in Franklin county, Illinois, willfully and maliciously, and neither of the said defendants being at that time an officer of the law, proceeded and went to the home of the plaintiff and at a late hour of the night, and at a time when the plaintiff was in his bed and asleep, and defendants with drawn revolvers arrested the plaintiff and forced him to go with the defendants along the streets of Zeigler, in said county and State, and caused the plaintiff to be confined in the jail in Zeigler, in said county and State, for a long period of time, to-wit, for the period of ten hours; and plaintiff further avers that the weather at that time was cold and there was no heat or fire in the said jail during the time of his confinement therein, and by reason thereof the plaintiff became sick and disordered and so continued from thence hitherto." The defendants filed their general demurrer and at the September term, 1921, withdrew the demurrer as to the defendant Glodich, and the plaintiff dismissed the suit as to the defendant Buchanan. Glodich was ruled to plead instanter and was defaulted for want of a plea. A year afterwards, at the September term, 1922, the record recites as follows: "This cause having been set for trial, comes the plaintiff herein, announces ready for trial, and the defendant not.

appearing and no one for him, it is ordered that a jury be called, empaneled and sworn to try this cause, and the plaintiff herein agrees to try this cause with eight jurors; and after hearing evidence adduced herein on the part of the plaintiff, and the argument of counsel and the instructions of the court, the jury retires in charge of a sworn officer of this court to consider of their verdict." The jury returned the following verdict: "We, the jury, find the defendant guilty and we assess the plaintiff's damages three hundred ($300) dollars," and judgment was entered on the verdict in favor of plaintiff and against defendant for $300 and costs of suit.

Section 5 of article 2 of the constitution contains the provision that "the right of trial by jury as heretofore enjoyed, shall remain inviolate," which is the right as it existed at common law. (*George* v. *People,* 167 Ill. 447.) The argument that the right preserved by the constitution to the defendant was violated is on the ground that the court submitted the issue in the cause to eight men, who did not constitute a jury, and that this was done without his consent. Although the court by its order directed a trial of the issue by a jury and the verdict found the defendant guilty, which was a finding upon a supposed issue of fact, there was no issue for the jury to try. The defendant had been defaulted for want of a plea, and he thereby admitted the facts well pleaded in the declaration. Nothing remained to be done except for the court to ascertain the amount of damages for the purpose of entering judgment. At common law an assessment of damages was a mere inquest of office, and the court might itself assess the damages with the assent of the plaintiff or direct them to be assessed by the sheriff or other proper person. It was not necessary that a writ of inquiry of damages should be executed in court unless so directed, nor in term time, but anywhere within the sheriff's bailiwick. (*Vanlandingham* v. *Fellows,* 1 Scam. 233.) Under section 59 of our

Practice act it is lawful for the court to hear the evidence and assess the damages without a jury. If the action is upon a bond or instrument of writing for the payment of money, only, and the damages rest in computation, the court may direct the clerk to assess and report the damages, but either party may have the damages assessed by a jury. In actions sounding in damages, merely, where the law furnishes no legal rule for the assessment, the court may either hear the evidence and assess the damages or submit the assessment to a jury. In any case, the assessment of damages is not a trial and does not come within the provision of the constitution. (*Kassing* v. *Griffith,* 86 Ill. 265; *Phœnix Ins. Co.* v. *Hedrick,* 178 id. 212.) Upon such assessment a defendant who has suffered a default has a right to appear and cross-examine witnesses, but he can make no defense to the action or introduce testimony. (*Morton* v. *Bailey,* 1 Scam. 213.) There was no violation of the constitutional right to a jury trial.

The court made an order submitting the issue to a jury when there was no issue and took a verdict finding the defendant guilty, but the defendant being in default and having no right to make any defense to the cause of action, which he had confessed, was not injured by the submission to the jury or the verdict of guilty, which did him no harm. The only matter he had any interest in was the assessment of damages.

The statute authorized the assessment of damages by a jury, which means twelve men. In all actions governed by the common law a less or greater number is not a jury unless by the consent of the parties. Without such consent the finding of any other number cannot be considered as a verdict of a jury. To hold that the eight persons who assessed the damages and returned the verdict constituted a jury would be equivalent to holding that the court could submit the assessment to one person or any number, and there was no lawful assessment of damages.

It is argued that the declaration did not state a cause of action, but it was sufficient as against a general demurrer. The judgment is reversed and the cause remanded.

*Reversed and remanded.*