**People of the State of Illinois, Plaintiff-Appellee, v. Clyde R. Routt, Defendant-Appellant.**

Gen. No. 10,920.

Fourth District.

October 21, 1968.

Albert E. Hurt, Public Defender, of Decatur, for appellant.

Basil G. Greanias, State's Attorney of Macon County, of Decatur (Frederick P. Erickson, Assistant State's Attorney, of counsel), for appellee.

CRAVEN, J., delivered the opinion of the court.

In a jury trial, the defendant was convicted of the offense of murder. He was sentenced to the penitentiary

for a term of not less than twenty-five nor more than fifty years. On appeal, he contends that his constitutional right to counsel and his constitutional right against self-incrimination was violated. The defendant also asserts that the trial court committed error in permitting a witness to be called as a court's witness. Error in refusing an instruction is also asserted on this appeal.

On the night of November 19, 1966, Clarence Welch was shot while at the residence of Evelyn McNear. The defendant, Routt, lived with Evelyn McNear. At about 7 p. m. on the night of the shooting, Welch, in response to an earlier invitation, arrived at the McNear house. Mrs. McNear, the defendant and Welch sat around a kitchen table and conversed. Beer and liquor were being consumed by all three persons.

At around 8:45, Mrs. McNear left the kitchen area and entered a bathroom to prepare for bed. While there she heard three or four shots coming from the area of the kitchen. She came out of the bathroom, and the defendant told her to call an ambulance and the police as there had been an accident. She made the requested calls. In her testimony she described the defendant as being "shook up." She stated she did not look in the kitchen.

Officer Glick of the Decatur Police Department was the first of four officers to arrive at the McNear house in response to her call. Upon his arrival he was admitted to the house and the defendant, in response to Glick's inquiry as to the nature of the problem, told the officer that Welch, who was lying on the kitchen floor, had shot himself. Upon later inquiry by Glick as to what had happened, the defendant told Glick that Welch came at him with a knife and that he shot him. The defendant gave Glick a gun.

Another officer, DiLullo, and two detectives arrived at the house. Soon thereafter it was determined that Mrs. McNear and the defendant should be taken to police

headquarters by the two officers. Mrs. McNear was described as in a drunken stupor and transportation for her to police headquarters was sought by means of a police "paddy wagon." The defendant was transported to police headquarters by the two officers. While en route to headquarters Routt was described as very talkative. While sitting in the back seat of the car with Officer DiLullo he told DiLullo, according to DiLullo's testimony, that Welch had pulled a knife on him and that he shot him. Officer Glick advised the defendant to be quiet until such time as they reached headquarters, at which time detectives would talk to him. Routt was described as being quiet for awhile, then started talking again, stating, "I might as well tell the truth because it's not going to make any difference anyhow, the guy is a troublemaker, always caused me problems, and I shot him." Glick testified that he again admonished Routt not to talk, and no further relevant statements attributable to Routt while en route to the station are found in the record. There is no contention that Routt was warned of his right to counsel or of his right to remain silent, or in any other way informed of his rights so far as is here material.

The foregoing, established by the testimony of Officers Glick and DiLullo, was admitted into evidence without objection. No error was asserted as to the receipt of this testimony in the post-trial motion seeking a new trial.

At the time of the trial of this case the defendant was represented by privately retained counsel, and there are several pages in the record wherein the court discussed with the defendant the matter of his attorney. The court advised the defendant of certain aspects of other proceedings wherein the attorney of defendant's choice had been involved in disciplinary or other proceedings. There is no contention made on this appeal that defendant's trial counsel was incompetent.

■ We must first consider the defendant's assertion, made here for the first time, that his statements to Police Officers DiLullo and Glick were involuntary and, being the equivalent of a confession, inadmissible for failure of the police officers to warn the defendant of his rights, as required in the case of Miranda v. Arizona, 384 US 436, 16 L Ed2d 694, 86 S Ct 1602, 10 ALR3d 974 (1966). We take it to be settled that the defendant cannot, for the first time on appeal, raise the question of the voluntariness of his confession. No objection was made to the testimony of the officers; no motion to suppress was made by defendant's counsel; nor did he call for a hearing on the admissibility of that which he now elects to call a confession.

■ ■ The failure to object in the trial court to the testimony now complained of, at a time when defendant had counsel, constituted a waiver. Further, however, and wholly separate from the waiver issue, under People v. Hartgraves, 31 Ill2d 375, 202 NE2d 33 (1964), and People v. Kees, 32 Ill2d 299, 205 NE2d 729 (1965), we would conclude that the confession was admissible.

■ As to the assertion of the application of the decision in Miranda, we do not see that that case is here relevant. Miranda does not apply to the initial interrogation at which the officer asked general questions, because by its language the United States Supreme Court specifically determined that "general on-the-scene questioning as to facts surrounding a crime or other general questioning of citizens in the fact-finding process is not affected by our holding." (Miranda v. Arizona, 16 L Ed 2d 694, 725.)

■ The subsequent testimony of the police officers as to the conversations of the defendant en route to the police station is likewise not inadmissible by reason of the decision in Miranda. The evidence is clear and uncontroverted that while the defendant may well have been in custody for purposes of Miranda, there was no in-

custodial *interrogation* at all. It is in-custodial interrogation that Miranda reaches. In re Orr, 38 Ill2d 417, 231 NE2d 424 (1967).

Mrs. McNear was called as a witness by the People. As the interrogation of the witness progressed, on motion of the State, the court permitted her to be called as a court's witness and to be cross-examined by both sides. The defendant asserts that there was error in permitting her to be called as a court's witness.

■■ The practice of calling a person as a court's witness at the request of the prosecution has long been recognized in Illinois. Carle v. People, 200 Ill 494, 66 NE 32 (1903). In People v. Johnson, 333 Ill 469, 165 NE 235 (1929), the Supreme Court restricted the use of this practice and imposed a requirement that there be a showing of manifest injustice if the witness did not testify. Whether a witness is to be called as a court's witness is a matter largely within the discretion of the trial court. People v. Henson, 29 Ill2d 210, 193 NE2d 777 (1963); People v. Bell, 61 Ill App2d 224, 209 NE2d 366 (4th Dist 1965).

■ It is apparent from this record that the testimony of Mrs. McNear was material and relevant. It is equally apparent that she was hostile to the People and sympathetic to the defendant. Our examination of this record demonstrates that there was no abuse of discretion nor basic unfairness in allowing the motion of the People that she be called as a court's witness.

■■ The defendant tendered and the court refused an instruction relating to the defense of inevitable or unavoidable accident. The case of Belk v. People, 125 Ill 584, 17 NE 744 (1888) is cited for the proposition that the instruction should have been given. The offered instruction reads:

> "The defendant has introduced the defense of inevitable or unavoidable accident. Such a defense is a legal defense. It is not necessary that the de-

fendant prove such a defense. If the proof be only sufficient to raise in the minds of the jury a reasonable doubt as to the guilt of the defendant, it is your duty to find the defendant not guilty."

It is true, of course, that the defendant is entitled to an instruction on his theory of the case, and it is true here that the testimony of the defendant raised a fact issue that the shooting was accidental. See People v. Lefler, 38 Ill2d 216, 230 NE2d 827 (1967). The offered instruction, however, was not one required to be given in this case. The given instructions lead us to conclude that the jury were properly instructed in accordance with the law and the evidence.

The judgment of the Circuit Court of Macon County is affirmed.

Judgment affirmed.

SMITH, P. J. and TRAPP, J., concur.