THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE MATTISON, a/k/a WILLIAM GANT, a/k/a CHICO, Defendant-Appellant.

(No. 11265;

Fourth District—June 24, 1971.

John F. McNichols, of Defender Project, of Springfield, for appellant.

Richard A. Hollis, State's Attorney, of Springfield, for the People.

Mr. JUSTICE CRAVEN delivered the opinion of the court:

The defendant was convicted in a jury trial of offering to sell a narcotic drug and then dispensing a nonnarcotic substance.[1]

Upon conviction, the defendant was sentenced to a term of not less than one nor more than five years in the Illinois State Penitentiary. This appeal is from the judgment and sentence. The defendant contends the trial court erroneously admitted testimony of an oral statement of the defendant made by him after his arrest and after some, but not all, of the warning required by *Miranda v. Arizona* (1966), 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 10 A.L.R.3d 974. Further, it is urged that the prosecutor commented in his argument to the jury on the defendant's failure to testify and that the trial court committed error in refusing to reopen the case on motion of the defendant so as to permit the defendant to testify.

It is not necessary to make a detailed recitation of the testimony in order to consider the three errors asserted. During the trial a State narcotics agent testified as to the facts and circumstances of the arrest of the defendant, and further stated that he had advised the defendant of his constitutional rights. The enumerated advice given did not include advice to the defendant that anything he said might later be used against him. The defendant was then transported by auto from the place of arrest to the Springfield Police Department. En route, there was a conversation in which the defendant asked questions of the officer and in certain instances the officer made inquiries of the defendant. The officer, a State narcotics agent, testified over objection that the defendant stated that he had sold some baking soda to "two white dudes" in a

---

[1] Par. 22—40 (2) of ch. 38, Ill. Rev. Stat. 1969, provides, in part, that: "Whoever agrees, * * * or in any manner offers to unlawfully sell, * * * any narcotic drugs to any person, * * * and then sells, * * * any non-narcotic liquid, substance or material shall be imprisoned in the penitentiary for not less than 1 year nor more than 10 years." The constitutionality of this section was considered by the Supreme Court in *People v. Calcaterra* (1966), 33 Ill.2d 541, 213 N.E.2d 270.

blue car. The narcotics agent did relate that he questioned the defendant as to the age of two individuals. A motion to strike this testimony on the grounds that the *Miranda* warnings had not been fully given was denied.

■■ Our review of the testimony persuades us that the ruling of the trial court was correct. The complained of testimony was not the result of custodial interrogation but rather was a volunteered statement as part of the defendant's conversation with the officer and was not in response to inquiries or interrogation by the officer. As noted in *People v. Routt* (4th Dist. 1968), 100 Ill.App.2d 388, 241 N.E.2d 206, and the cases there cited, *Miranda* does not apply to the initial interrogation in which the officer asks general questions nor is it applicable to volunteered statements not produced as a result of in-custodial interrogation.

At the close of the People's case, the defendant sought and received a short recess. The defendant then rested without offering any evidence, after which the court recessed for lunch. Upon reconvening, defendant's counsel sought permission to reopen the case and to call the defendant as a witness. Upon objection by the People, the motion to reopen was denied. That ruling is assigned as reversible error.

■■ It is established that a motion to reopen a case for additional testimony is one addressed to the sound discretion of the trial court. It has been held repeatedly that there will be no interference with this discretionary authority in the absence of a showing of its clear abuse. (*People v. Franceschini* (1960), 20 Ill.2d 126, 169 N.E.2d 244.) The objection by the prosecutor here to a reopening of the case related to the possible unavailability of rebuttal witnesses who had been permitted to leave because of the then understanding that the evidence had been concluded and such possible rebuttal witnesses would not be required. We cannot say that the trial court's ruling, under the facts and circumstances as they then existed, was a clear abuse of discretion.

■■ Finally, it is contended that the prosecutor's closing argument constituted an improper comment upon the defendant's failure to testify. It is true, as the defendant urges, that it is improper for the prosecutor to call attention to a defendant's failure to testify. Our Supreme Court has declared that closing argument alleged to constitute comment on a defendant's failure to testify must be measured to determine whether the argument was intended or calculated to direct the attention of the jury to the defendant's neglect to avail himself of his legal right to testify. In this case, the complained of argument contained the following:

"Then at about eight-thirty Kersh and Mr. Mattingly returned to Grier's house. At that point Grier introduced the defendant as his

supplier. This has not been contradicted and the defendant never denied being the supplier." (A-9)

■■ As we view it, the observations of the Supreme Court, in *People v. Mentola* (1971), 47 Ill.2d 579, 268 N.E.2d 8, are determinative of this issue. In *Mentola,* the complained of remarks were: "'He [Gary Stark] told you quite honestly and truthfully what was not contradicted in any way. Just told you about his part in it and told you who was there. And that's uncontradicted testimony in this case. Jim Durham was there. Ernie Mentola was there.'" (47 Ill.2d at 582.) The court held that the prosecutor's remarks did not exceed the limits of allowable comment, observing that it was permissible for the prosecutor to comment on the uncontradicted nature of the State's case even where the only person who could have contradicted the State's evidence was the defendant himself. The judgment of the Circuit Court of Sangamon County is affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J., concur.