VIRGLE H. HARTGRAVES, Plaintiff-Appellee, *v.* DON CARTAGE COMPANY, Defendant-Appellant.

(No. 59486;

First District (3rd Divison)—March 20, 1975.

Robert S. Soderstrom and James K. Perrin, both of McKenna, Storer, Rowe, White, & Haskell, of Chicago, for appellant.

Sidney Z. Karasik, John G. Phillips Ltd., and Joseph M. Fasano Ltd., all of Chicago, for appellee.

Mr. PRESIDING JUSTICE McGLOON delivered the opinion of the court:

Plaintiff, Virgle Hartgraves, brought this action against defendant, Don Cartage Company, in negligence. The jury rendered a verdict for plaintiff, and the circuit court of Cook County entered judgment upon the verdict. Defendant appeals from the judgment, arguing that the verdict is improper because it was delivered by only 11 jurors and there was not a stipulation to proceed with less than 12 jurors, and that plaintiff was guilty of contributory negligence as a matter of law.

We reverse and remand.

Briefly summarized, the evidence presented at the trial showed that plaintiff was employed by the Kropp Forge Company, and on the evening of October 16, 1966, he entered one of Kropp's buildings to look for a particular tool. Being familiar with the building, he did not turn on the building's mercury vapor lights; rather, he used his flashlight to see where he was going and to look for the tool. While searching, Mr. Hartgraves fell into an open pit which was usually protected by a guard rail. Defendant Don Cartage Company had been installing a piece of machinery in the building and had temporarily removed the guard rail. The jury found in its special interrogatory that plaintiff was not guilty of contributory negligence.

Defendant's first contention on appeal is that the trial court erred in denying defendant's motion for a mistrial. During the course of the trial, one of the 12 jurors was injured by a runaway grocery cart while shopping, and the injury necessitated the juror's hospitalization and absence from the trial. Since there had not been a stipulation to proceed with less than 12 jurors, defendant moved for a mistrial. The trial court denied the motion, and the case went to the jury, which returned a verdict for plaintiff on October 17, 1972. Shortly thereafter, defendant presented its post-trial motion to the trial court, and about 4 months after trial, on February 21, 1973, plaintiff's counsel presented his affidavit. The affidavit stated that immediately before defendant moved for a mistrial, there was an in-chambers discussion between both counsel and the court during which the defense counsel stated off the record that he "would make a formal objection for the record but that he was requesting [the judge] to overrule his objection." Plaintiff argued at the April 18, 1973, hearing on the post-trial motion that defendant waived its right to a jury of 12 members. The trial judge heard the arguments and then stated that he had a "clear memory" of parts of the in-chambers, off-the-record discus-

sion 6 months earlier during which defendant's counsel suggested that defendant's motion for a mistrial be overruled and that the trial could proceed. Defendant's counsel submitted an affidavit in which he denied having ever consented to a jury of less than 12 members in this cause. The court denied the post-trial motion, and this appeal follows.

The state of the record at the time the judgment was entered showed that defendant did not waive its right to a trial by 12 jurors. If the trial court's recollections 6 months later became part of the record, then defendant may have waived its right to a jury of 12. The question, therefore, is whether the trial judge's recollections from his "clear memory" became part of the record.

■■ The law in Illinois is clear that a correction of the record cannot be made from either the recollection of the judge or from an affidavit. (*People v. Miller* (1936), 365 Ill. 56, 58, 5 N.E.2d 458; *People v. Townsend* (1972), 5 Ill.App.3d 924, 926, 284 N.E.2d 414.) The rule was set forth most recently by this court in *In re Application of County Collector* (1974), 18 Ill.App.3d 272, 277, 309 N.E.2d 722, wherein we wrote:

> "* * * to amend a record after trial or hearing more than oral testimony or proof of mistake is necessary. The proof must be underlined by the production of some note or memorandum either from the records of the court, or by the minutes of the judge, or by the documents on file in the cause, not by the memory of witnesses, the recollection of the judge, or by supporting affidavits."

In the instant case, we find that the trial judge's recitation of his recollections of the out-of-court discussion 6 months earlier was insufficient to make the defendant's alleged waiver a part of the record on appeal inasmuch as the trial judge's recitation was not supported by the writing required in such cases.

■■ Since the record does not reveal that defendant agreed to proceed with less than 12 jurors, we must determine the consequences of the trial court's denial of defendant's timely motion for a mistrial based upon the fact that the 12th juror was incapacitated during the course of the trial. The Illinois Constitution of 1970 guarantees the right to trial by jury. (Ill. Const. (1975), art. I, § 13.) A trial by jury has been held to be a trial by a jury comprised of 12 jurors. (*People v. Kelly* (1931), 347 Ill. 221, 179 N.E. 898.) Without the consent of the parties, a verdict may not be properly rendered by a jury of any number other than 12. (*Povlich v. Glodich* (1924), 311 Ill. 149, 142 N.E. 466.) We find that the defendant herein did not waive its right to a trial by 12 jurors, and that any verdict rendered by the jury of 11 persons was a legal nullity. Without 12 jurors and without a stipulation to proceed with less than 12, defendant was entitled to a mistrial. (See *State ex rel. Polk v. Johnson* (1970), 47 Wis.

302

2d 207, 177 N.W.2d 122.) We hold that under the record on appeal in this case, the trial court erred by denying defendant's motion for a mistrial and that this cause should be remanded to the trial court for a new trial.

■■ Defendant's second contention is that plaintiff was guilty of contributory negligence as a matter of law. Whether a plaintiff was guilty of contributory negligence is ordinarily a question of fact for the jury to decide under proper instructions. It becomes a question of law only when the evidence is so clearly insufficient to establish due care that all reasonable minds would reach the conclusion that there was contributory negligence. (*Ziraldo v. W. J. Lynch Co.* (1936) 365 Ill. 197, 199, 6 N.E.2d 125.) We are of the opinion that under the evidence in this case the question of contributory negligence was properly presented to the jury inasmuch as a reasonable question of fact existed.

The judgment of the circuit court of Cook County is reversed, and this cause is remanded for a new trial.

Reversed and remanded.

DEMPSEY and McNAMARA, JJ., concur.