THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* FRANCIS J. KILLIAN, Defendant-Appellant.

Fourth District   No. 13291

Opinion filed October 21, 1976.

GREEN, J., dissenting.

Dunn, Brady, Goebel, Ulbrich, Morel & Jacob, of Bloomington (Frank M. Brady and Kenneth G. Kombrink, of counsel), for appellant.

Paul R. Welch, State's Attorney, of Bloomington (G. Michael Prall and Stephen M. Deitsch, both of Illinois State's Attorneys Association, of counsel), for the People.

Mr. JUSTICE REARDON delivered the opinion of the court:

Defendant was charged and found guilty in a jury trial of driving while under the influence of intoxicating liquor in violation of section 11—501 of the Motor Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501). Judgment was entered on the verdict and defendant was fined $250 and costs. Defendant appeals his conviction. On appeal defendant raises the following issues: (1) whether he was deprived of a fair trial by reason of the prosecutor's reference to his alleged refusal to take a blood test; (2) whether the evidence established his guilt beyond a reasonable doubt; (3)

whether he was denied his right to a fair trial by virtue of the prosecutor's references to an admission which he purportedly made; (4) whether he was denied his right to confrontation and cross-examination of witnesses by virtue of the prosecutor's statements during closing argument; (6) whether defendant was denied his fifth amendment privileges against self-incrimination and right to a fair trial due to the failure of the police officers to advise him of his right to remain silent.

The facts giving rise to this appeal concern an incident which occurred around 7 p.m. on August 24, 1974. The arresting officer, Stephen P. Brienen, testified at trial that he observed the defendant driving in an erratic manner. Brienen stated he was on his way home for a dinner break and upon observing the defendant he followed him, eventually turning on his red light and siren and blinking his headlights. After traveling several blocks, the defendant pulled his car to the curb. Defendant had difficulty in exiting from his vehicle and providing identification to the officer. The defendant voluntarily went to the police station with the officer. During their ride to the station, defendant and the officer engaged in conversation. At the station, defendant was required to perform certain physical tests—such as walking a straight line, touching his nose and picking up coins—all of which he failed. After completing the performance tests defendant was given *Miranda* warnings and questioned by the officers in attendance. Brienen testified that he was of the opinion that defendant was in an intoxicated state at the time of his arrest.

Next, Officer John Marshall Rhoda testified. He stated that he was present at the station when the defendant was brought in. He stated that he smelled intoxicating beverages on defendant's breath. It was his opinion that the defendant was intoxicated. He reached this conclusion based upon defendant's mannerisms, but on cross-examination admitted these mannerisms may have been normal for the defendant. He further stated that the defendant was unable to complete the breathalyzer test because pre-existing physical handicaps prevented him from sealing his lips around the mouthpiece.

The defendant took the stand and testified that on the day in question he had been playing cards at a Knights of Columbus hall from approximately 2:30 p.m. to 6:30 or 6:45 p.m. He stated that he drank approximately two to four beers during that time. The defendant denied that he drove his automobile in an erratic manner and contended that he observed each and every required stop. He said that the street was being repaired and that he was required to drive in a weaving manner to avoid manhole covers that were raised several inches above the surface of the street. He admitted that he did not hear the sirens but he noted that he was hard of hearing and that he did pull his vehicle over when he saw the red flashing light. Defendant contended that at no time was his ability to

walk, speak, or drive impaired in any fashion whatsoever. Furthermore, defendant denied apologizing to the officer for his driving when he accompanied the officer to the police station.

Defendant, a hemiplegic, testified that he had been in an automobile accident in 1947, suffering a skull fracture and nerve injuries to the left side of his face. The accident also caused him to suffer a loss of hearing in his left ear, pain in his legs and arms, and occasional numbness in one leg. Defendant stated that he consented to taking the breathalyzer exam but failed to complete the test due to the fact that the nerve injury to his face prevented him from being able to properly blow into the apparatus. Defendant also stated that he occasionally slurred his words as a result of his injury.

Defendant called Dr. George W. France to testify. He corroborated the fact of defendant's involvement in a serious automobile accident wherein he suffered permanent motor damage to his nerves. The defendant also called Dale Ballinger, a Bloomington city engineer, who testified that at one time during construction at the intersections of Oakland and Mercer there were three manhole covers above the surface of the road. However, Ballinger had no precise knowledge of the particular dates on which the manhole covers were not flush with the street surface. Also testifying for defendant were a bartender and three Knights of Columbus members who had been with defendant during his stay at the Knights of Columbus hall that afternoon. Each was of the opinion that defendant was not intoxicated when he left the hall. Defendant propounded a motion for directed verdict at the close of all the evidence which the court denied. Counsel presented their closing arguments and the cause was submitted to the jury which returned a verdict of guilty.

As noted above, defendant urges six separate grounds for reversal. We have reviewed the record herein and find that none of the alleged errors standing alone constitute reversible error. We find, however, that all of these errors had a cumulative effect that deprived the defendant of a fair trial. We must therefore reverse and remand for a new trial.

Defendant submits that he was denied a fair trial by the State's reference to his alleged refusal to submit to a blood test. This alleged error occurred when the State asked Officer Brienen the following question:

"Q. At the time you gave the defendant the breathalyzer test, or tried to give him one, did you explain to the defendant that he had the opportunity to take a blood test?

A. Yes.

Q. Did he offer to take the blood test?"

The defendant objected to the question and the objection was sustained. Defendant then moved for a mistrial which was not granted. The court

then ordered the questions and answer stricken. The jury was also instructed to disregard them.

■■ Now, on appeal, defendant argues that failure to take the blood test is not admissible under any circumstances and that the prosecutor's questions constituted prejudicial error. The People urge that defendant waived this issue by virtue of the form of the objection made at trial, *i.e.*, defendant did not question the right of the State to bring out his refusal to submit to blood analysis. A refusal to submit to a blood test is not admissible in evidence. (Section 11—501 of the Motor Vehicle Code, Ill. Rev. Stat. 1973, ch. 95½, par. 11—501(h).) It is, therefore, certain that the prosecutor interjected error into the proceedings by virtue of his colloquy with Officer Brienen concerning the blood test. Such error standing alone, however, would not normally constitute reversible error since the judge admonished the jurors to disregard the remark and had the pertinent dialogue stricken from the record.

■■ Next, defendant urges that he was denied a fair trial by the People's reference to an alleged admission uttered by defendant. When defendant was cross-examined by the People he was asked the following question:

"Q. But, you were here yesterday when Officer Brienen testified to the fact that you told him you were intoxicated, Oh, pardon me."

The defendant objected and moved for a mistrial. The motion was denied. At side bar, the People explained that it had unintentionally used the term "intoxication" when it actually meant "drinking." The trial court accepted the People's explanation and admonished the jurors to ignore the word "intoxication." This error did not constitute a ground for reversal, but again, the State interjected some error into the proceedings.

■■ Defendant also argues that his privilege against self-incrimination and right to a fair trial were denied by the police officer's failure to advise him of his constitutional right to remain silent at the time of his arrest. The defendant asserts that he and Officer Brienen had a conversation on the way to the police station, and that much of what was said in that conversation was later used by the State as evidence against the defendant. The record reflects that the defendant was not admonished of his right to remain silent under *Miranda v. Arizona* (1966), 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602, until after he had taken the physical performance test. The People argue that defendant also waived this issue by his failure to object to the incompetent evidence at the time of its admission, and in the alternative the People urge that the defendant freely and voluntarily gave the statements in question and that they were not elicited by any custodial interrogation initiated by the arresting officers.

With regard to the People's second contention we note that defendant made his statements while he was in custody and under arrest. His vehicle had been impounded and he was being taken to the police station for processing, which included the administration of a breathalyzer test. Certainly the focus of the authorities' attention was centered upon defendant and any statements elicited from defendant were obtained in the course of custodial interrogation. With regard to the People's contention that defendant waived this error, we agree that defendant failed to interpose a timely and specific objection as required, however, we are, under the circumstances, considering it in light of the other errors enumerated herein.

■■ In summary, we again note that none of the individual errors alleged herein would mandate reversal if they were standing alone. When considered together, however, all of the error has a cumulative effect that causes us to conclude that the defendant was deprived of a fair trial. (*People v. Pendleton* (1974), 24 Ill. App. 3d 385, 321 N.E.2d 433.) We find, therefore, that due process and fundamental fairness require that this case be remanded for retrial in a manner consistent with our views as expressed herein. *People v. Hudson* (1972), 7 Ill. App. 3d 333, 287 N.E.2d 297.

■■ Since we reverse and remand, we note that the trial court struck evidence of physical tests administered to the defendant because *Miranda* warnings had not been given the defendant prior to the tests. The tests were not testimonial in nature and at retrial the failure to give *Miranda* warnings should not preclude the admission of this evidence. *People v. Krueger* (1968), 99 Ill. App. 2d 431, 241 N.E.2d 707.

■■ Also, the defendant has moved to amend the record on appeal in order to add an affidavit of the trial judge concerning his recollection of the closing argument. The State has objected to the motion and we agree that the record cannot be amended solely on the basis of the trial judge's recollection. (*Hartgraves v. Don Cartage Co.* (1975), 27 Ill. App. 3d 298, 326 N.E.2d 461.) Accordingly, the motion is denied.

The judgment of the circuit court is reversed and cause remanded.

Reversed and remanded.

CRAVEN, P. J., concurs.

Mr. JUSTICE GREEN, dissenting:

I dissent. Any error that occurred in the instant trial was far less than that making remandment for a new trial proper.

The State's questioning of Officer Brienen as to whether, after he explained to defendant the availability of a blood test, defendant offered

to take such a test, must be considered in the light of the evidence in the case. Arguing that evidence that defendant attempted to take a breathalyzer test would have no probative value, the State made a pretrial motion in limine to exclude such evidence. One argument made by defendant in opposition to the motion was that the evidence would properly show defendant's "cooperation." The motion was denied. Evidence of defendant's attempts to take the breathalyzer test were first introduced by the defendant over the State's objection. The evidence concerning the blood test was offered by the People in rebuttal and objected to by defendant solely on the grounds that it was not proper rebuttal but "new evidence." When the objection was sustained, the State tendered the witness to the defendant. The defendant had no cross-examination and the witness was excused. The defendant then made a motion to "dismiss the cause" because of the reference to the blood test. No motion for a mistrial was made.

Section 11—501 of the Motor Vehicle Code prohibits the driving of a motor vehicle in the State by a person under the influence of intoxicating liquor and provides for the admission into evidence of the results of certain chemical tests of certain body substances in cases for the enforcement of the Code. The majority correctly states that the section provides that refusal to submit to such a chemical test is inadmissible in various proceedings including a prosecution for driving under the influence. The majority apparently conclude that the inadmissibility of such evidence is absolute. I disagree. Surely, despite the statutory statement of inadmissibility, if, after the defendant had offered evidence of his willingness to take a breathalyzer test, the State had offered evidence of a later refusal to take such a test, the latter evidence would be admissible. The evidence of the blood test here is only one step removed from that. As stated by Professor Edward W. Cleary:

"A party introducing evidence of a particular kind cannot complain if the opposing party thereafter offers similar evidence. *Lincoln v. Chicago & Alton R.R. Co.*, 262 Ill. 98, 104 N.E. 282 (1914), introducing testimony that property would not benefit in amount of assessment precluded objection that ultimate issue rule was violated by testimony that it would benefit in said amount." Cleary, Handbook of Illinois Evidence §7.3 (2d ed. 1963).

The defendant raised the issue of his cooperation. If evidence of his willingness to take one type of chemical test was proper to show that cooperation, evidence of his rejection of an opportunity to take another type of chemical test was proper to show the contrary. Here the latter evidence would be of considerable weight because the breathalyzer test that defendant attempted was one that he was required to take under

penalty of suspension of driver's license pursuant to section 11—501.1 of the Motor Vehicle Code (Ill. Rev. Stat. 1973, ch. 95½, par. 11—501.1) whereas he was under no such compulsion to take the blood test. In addition, the jury could have concluded that he knew that he could not perform the breathalyzer test and would not have to suffer the consequences of the results of the test whereas he knew that the blood test could be taken and the result used.

Having raised the issue of his willingness to take a chemical test to measure the alcohol in his blood, defendant cannot complain of innuendo raised by the attempt of the State to introduce evidence that he did not accept other chemical tests even though that evidence was excluded on other grounds.

The majority also finds error in the admission of statements made by defendant to Officer Brienen while the officer was transporting defendant to the police station and prior to the officer's giving the defendant his *Miranda* warnings. Ordinarily, objections to questions are waived by failure to make objection at the time the questions are asked even if constitutional issues are involved (*People v. Jordan* (1974), 18 Ill. App. 3d 133, 309 N.E.2d 274). Here, the failure to make the objection was important because the question was raised in a way that has made very difficult the determination as to whether the statements of defendant made while the officer was transporting him to the police station were made during interrogation. The officer testified that he and defendant conversed but that he did not ask any questions. The defendant's testimony did not refute this. In *People v. Mattison* (1971), 132 Ill. App. 2d 1069, 271 N.E.2d 119, this court held that a motion to strike admissions similarly made by an accused in custody of and while being transported by a law enforcement officer to a police station were properly denied. There as here full *Miranda* warnings had not been given, defendant had made statements to the officer and asked him questions and the officer had asked questions of the accused. There as here, no showing was made that any admission was in response to a question. Defendant had made no showing that any of the colloquy occurring during the ride to the police station constituted interrogation. Voluntary statements made by an accused not resulting from interrogation are not protected by the *Miranda* doctrine although the statements are made while the accused is in custody. (*People v. Hicks* (1970), 44 Ill. 2d 550, 256 N.E.2d 853.) Accordingly I find no error in the trial court's refusal to strike the testimony.

Any error in the prosecutor's inadvertent statement that Officer Brienen had testified that defendant had said he was intoxicated was very minor. The prosecutor corrected himself immediately and the jury was so

advised. Since the jury had heard the testimony referred to themselves and knew what the witness had stated, no innuendo was created as would be the case if the prosecutor had made a misstatement about a matter outside the record.

Accordingly, I would affirm.